# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUANITA CAMPBELL,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security<br>Administration,<br><br>                    Defendant. | Case No. 14-CV-705-CVE-FHM |

## **REPORT AND RECOMMENDATION**

Plaintiff, Juanita Campbell, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Background**

On December 7, 2011, Plaintiff filed an application for Title II disability benefits with a protective filing date of October 11, 2011. That application was denied initially and on reconsideration. Plaintiff also filed an application for Supplemental Security Income (SSI). At the reconsideration level that application was allowed, finding that Plaintiff was disabled beginning on October 1, 2011, the first day of the month the SSI application was protectively filed. [R. 51-52].

This appeal involves only Plaintiff's Title II claim. At the hearing on June 23, 2013, before Administrative Law Judge ("ALJ") Richard J. Kallsnick, Plaintiff amended her alleged

onset date to March 29, 2011.[1]  Plaintiff's last date insured was March 31, 2011.  Plaintiff was required to establish disability on or before the date last insured to be entitled to Title II benefits.  By decision dated August 5, 2013, the ALJ entered the findings that are the subject of this appeal.  [R. 12-21].  On September 19, 2014, the Appeals Council denied Plaintiff's request for review.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## The ALJ's Decision

The ALJ determined that through the date last insured, March 31, 2011, Plaintiff had the following medically determinable impairments:  minimal spondylosis; bilateral foot pain; hypertension; gout; hiatal hernia; gastritis; gastric ulcer; and lung problems.  [R. 14].  However, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months.  As a result, the ALJ concluded that Plaintiff did not have a "severe" impairment or combination of impairments.  [R. 14].  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing in detail the five steps in the evaluative sequence for making Social Security disability determinations).

The ALJ found that Plaintiff was not under a disability from March 29, 2011, the amended alleged onset date of disability, through the date last insured, March 31, 2011.  [R. 12, 20].

---

[1] In her reply brief, Plaintiff explained that she amended her alleged onset date to correspond with her 50th birthday so if the evidence established she was limited to sedentary work she would be presumptively disabled under the Medical Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P. App. 2.  [Dkt. 19, p. 2].

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly evaluate the onset date of her disability.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

### Analysis

Plaintiff asserts that the ALJ erred by failing to follow the dictates of *Social Security Ruling* (SSR) 83-20, 1983 WL 31249, in analyzing the onset of disability date. Plaintiff notes that the ALJ failed to inquire about when her peripheral artery disease began causing

3

symptoms, and points to places in the medical record when she complained of pain associated with peripheral artery disease. Plaintiff argues that the ALJ was required by SSR 83-20 and *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995) to call a medical expert to testify because the medical evidence of onset was ambiguous.

SSR 83-20 addresses onset of disability under various scenarios that may be presented to the decision maker. As it pertains to the instant case, SSR 83-20 provides that "[w]hen the medical or work evidence is not consistent with the allegation [of onset date], additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on facts and can never be inconsistent with the medical evidence of record." SSR 83-20, 1983 WL 31249, at *3. SSR 83-20 advises that in some cases, the onset of disability date must be inferred and how long a disease may have existed <u>at a disabling level of severity</u> depends on an informed judgment of the facts in the particular case. The judgment about the disability onset must have a legitimate medical basis. *Id.* "At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." *Id.* In *Reid v. Chater,* the Tenth Circuit considered the plaintiff's argument that the ALJ failed to follow SSR 83-20 by not calling a medical expert. The Court noted that a medical advisor need be called only if the evidence of onset is ambiguous. 71 F.3d at 374.

In this case, however, the medical record was not ambiguous. The ALJ accurately summarized the medical record. The ALJ found the record established a number of medically determinable impairments, but Plaintiff did not allege limitation from the back, hypertension, gout, gastrointestinal problems, or her lungs. [R. 17]. At the hearing, Plaintiff alleged the primary limitation was peripheral vascular disease affecting her left leg. [R. 17,

4

42].[2]  The ALJ noted there was a gap in Plaintiff's treatment from 2009 to October 2011. [R. 17].  The ALJ stated that evidence after the date last insured was relevant to show what impairments existed before the date last insured, and the decision demonstrates that the ALJ considered that evidence.  [R. 17-18].

The ALJ's summary of the medical record related to Plaintiff's complaints of left leg pain included a March 2012 hospital discharge summary that reflected Plaintiff was not symptomatic until November 2011.  [R. 18, 350].  The ALJ also noted that in January 2012, Plaintiff characterized her leg and foot pain as intermittent numbness.  [R. 18, 300].

The undersigned finds that the ALJ properly evaluated the evidence related to Plaintiff's complaints of leg and foot pain; the medical evidence was not ambiguous so as to require the testimony of a medical expert; and the ALJ's decision is supported by substantial evidence.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written

---

[2] At the hearing, Plaintiff's counsel stated there was no medical evidence of peripheral vascular disease prior to the date last insured. [R. 33]. Plaintiff's counsel also stated he understood the problem with lack of medical evidence before the expiration of insured status and that his client would not have a problem with SSI only. [R. 34-35].

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before February 2, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 19th day of January, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE