UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUANITA CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0705-CVE-FHM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On January 19, 2016, Magistrate Judge Frank H. McCarthy entered a Report and Recommendation (Dkt. # 20) recommending that the Court affirm the Commissioner's decision denying plaintiff's application for Title II disability benefits. Plaintiff has filed an objection (Dkt. # 21) to the report and recommendation. The Commissioner's deadline to file a response to the objection has expired and no response has been filed.

**I.**

On December 7, 2011, Juanita Campbell filed an application for Title II disability benefits. Dkt. # 12, at 124. She also filed an application for Supplemental Security Income benefits on the same date. Id. at 131. Both applications had a protective filing date of October 11, 2011. Campbell's application for Title II benefits was denied initially and on reconsideration, and Campbell requested a hearing before an administrative law judge (ALJ) as to her application for Title II disability benefits. Id. at 75. However, Campbell's application for Supplemental Security Income benefits was approved upon reconsideration, and she was awarded benefits as of October 1, 2011. Id. at 56.

On June 23, 2013, Campbell appeared at a hearing before an ALJ and she was represented by counsel. Campbell's attorney orally moved to amend the date of onset of disability to March 29, 2011. The ALJ stated that he had reviewed a residual functional capacity (RFC) assessment limiting Campbell to standing or walking to two hours per day and occasionally lifting 10 pounds, and that it appeared that Campbell had "pretty much a sedentary RFC." Id. at 36. The ALJ specifically asked Campbell's attorney about medical evidence that would tend to show that she was disabled before March 29, 2011, and her attorney acknowledged that there was no evidence of treatment for peripheral vascular disease before the alleged onset of disability. Id. at 37. Campbell testified that she had severe pain in her left leg and constant numbness in her left foot, but she did not have pain or numbness in her right leg or foot. Id. at 40. She can walk for about 10 minutes at a time before she needs to rest due to pain in left leg and foot, but she feels like she needs to stand after 20 minutes of sitting because she needs to stretch her left leg. Id. at 40-41. She can lift about 10 pounds without pain. Id. at 44. Campbell testified that she has difficulty sleeping due to her leg and foot pain and her ability to perform household chores is somewhat limited. Id. at 45-46. The ALJ called a vocational expert (VE) and he reviewed Campbell's past relevant work, and all of her past work qualified as medium or light work. Id. at 47-48. Campbell had no transferable skills and she could not perform any of her past relevant work if she had a sedentary RFC. Id. at 48.

The ALJ issued a written decision denying plaintiff's application for Title II disability benefits based on an alleged onset of disability of March 29, 2011, and her date last insured was March 31, 2011. The ALJ found that Campbell had the medically determinable impairments of minimal spondylosis, foot pain, hyptertension, gout, hiatal hernia, gastritis, gastric ulcer, and lung problems. Id. at 18. However, these impairments or combination of impairments did not

2

significantly limit her ability to work for a period 12 consecutive months. The ALJ noted that there was relatively little medical evidence concerning the time period before the date last insured, and he summarized this evidence in his written decision. Id. at 20-21. The ALJ also considered evidence post-dating the date last insured to the extent that it was relevant to show what Campbell's impairments were before March 31, 2011. He considered evidence supporting Campbell's primary complaint of peripheral vascular disease, but found that the medical evidence before and after the date last insured did not support a finding that peripheral vascular disease was a medically determinable impairment as of the date last insured. Id. at 22. After considering the evidence, the ALJ found that Campbell did not have a severe impairment that would have prevented her from engaging in substantial gainful activity, and the ALJ determined that Campbell was not disabled at step two of the analysis.

The Appeals Council found no basis to review the ALJ's decision and the ALJ's written decision became the Commissioner's final decision. Id. at 5. Campbell filed this case seeking judicial review of the Commissioner's decision, and the matter was referred to a magistrate judge for a report and recommendation. In her opening brief, Campbell argued that the ALJ "failed to properly evaluate the onset date of Ms. Campbell's disability." Dkt. # 13, at 4. She claimed that the medical evidence failed to establish a precise date of onset of disability and, due to this ambiguity, the ALJ should have contacted a medical expert to more fully develop the administrative record. The magistrate judge states that the ALJ accurately summarized the medical evidence and there was no ambiguity as to the onset of disability, and he recommends that the ALJ's decision be affirmed. Dkt. # 20.

3

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff objects to the magistrate judge's report and recommendation and she argues that the medical evidence does not establish a precise date for onset of disability. Dkt. # 21, at 5-6. She asks the Court to remand the case to allow the ALJ to contact a medical expert and further develop the administrative record as to the date of onset of disability. Id. She also argues that the magistrate judge improperly considered "conjecture" in recommending that the Commissioner's decision be affirmed, and she argues that the magistrate judge should have considered whether the ALJ applied the appropriate legal standard when reviewing the medical evidence.[1] Id. at 3-4.

---

[1] The Court finds plaintiff's objection based on the alleged consideration of "conjecture" need not be considered as a separate argument, because the Court will conduct a de novo review of plaintiff's underlying argument and will independently review the ALJ's decision without deference to the report and recommendation. As to plaintiff's argument concerning the legal standard, this argument was not raised in plaintiff's opening brief and this argument is waived. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001); Keyes-Zachary v. Colvin, 2015 WL 321394 (W.D. Okla. Jan. 26, 2015). In any event, the Court will consider plaintiff's argument that the ALJ should have found that the medical evidence was ambiguous as to the date of onset of disability, and this will necessarily include consideration of whether the correct standard of review was applied.

The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff argues that the medical evidence as to onset of disability was ambiguous and she asks the Court to remand the case for further development of the administrative record on this issue. Dkt. # 21, at 5. Plaintiff does not dispute that the ALJ's summary of the medical evidence is accurate, but she argues that the medical evidence was not the only source of evidence that should have been considered by the ALJ. Id. Plaintiff cites Social Security Ruling (SSR) 83-20 and argues that SSR 83-20 "contemplates cases in which the 'onset of disabling impairment(s) occurred some time prior to the date of the first recorded medical examination.'" Id. She also argues that Tenth Circuit precedent requires the ALJ to obtain the opinion of a medical expert when the medical evidence as to onset of disability is ambiguous. Id. at 6.

Plaintiff relies on SSR 83-20 and argues that the ALJ was required to further develop the administrative record due to ambiguous medical evidence as to the onset of disability. In cases

5

involving non-traumatic injury, the "starting point in determining the date of onset of disability is the individual's statement as to when disability began." SSR 83-20, at *2. The most critical evidence that should be used to determine the date of onset of disability is the medical evidence but, in cases of a progressive impairment, it may be necessary to refer to other evidence in addition to the medical evidence to determine the date of onset of disability. Id.; see also Reid v. Chater, 71 F.3d 372, 373 (10th Cir. 1995) ("Factors relevant to the determination are the claimant's allegation of an onset date, [her] work history, and the medical evidence, with the medical evidence being the primary element in determining onset date"). In some cases, precise evidence about the onset of disability may not be available and the ALJ may need to infer an appropriate date, and the ALJ may need to consult a medical expert or obtain evidence from third-parties familiar with the plaintiff's condition. SSR 83-20, at *3. Based on all of the evidence, the "onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful employment.]" Id. If the medical evidence is ambiguous and the ALJ fails to call a medical expert, "it is not usually possible for an ALJ to make a decision that is supported by substantial evidence." Blea v. Barnhart, 466 F.3d 903, 911 (10th Cir. 2008).

The Court must initially consider whether the medical evidence is ambiguous as to onset of disability. Plaintiff claims that she suffered pain in her legs as far back as 2008, and she cites a treatment record dated November 24, 2008. The evidence shows that plaintiff sought treatment for abdominal and chest pain, but she mentioned that she suffered from calf pain if she walked more than a block. Dkt. # 12, at 232. Plaintiff complained of ankle pain during a visit to the emergency room in 2009. Id. at 263. The ALJ correctly noted that there was a gap in treatment for any

condition from July 2009 to October 2011. Id. at 21. On October 29, 2011, plaintiff received treatment for abdominal pain, but she did not complain of leg pain. Id. at 463. Plaintiff reported to the emergency room on January 26, 2012 complaining of intermittent leg and foot pain and she claimed that the pain had been ongoing for about a month. Id. at 304. On March 5, 2012, plaintiff again went to the emergency room with complaints of leg and foot pain, and she claimed that the symptoms started in November 2011. Id. at 354.

     Plaintiff argues that peripheral artery disease is a progressive condition that must have started before November 2011, and she claims that this gives rise to an ambiguity as to the date of onset of disability. However, the onset of disability does not necessarily begin when a progressive condition could have theoretically manifested but, instead, the ALJ is required to focus on when "it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful employment.]" SSR 83-20, at *3. The medical evidence shows that plaintiff complained of leg pain as early as 2008, but leg pain was not the reason that plaintiff was actually seeking medical treatment. Dkt. # 12, at 232. Plaintiff complained of ankle pain in 2009, but she was not actually diagnosed with peripheral artery disease as the cause of her pain. Id. at 263-64. When plaintiff actually sought treatment for leg and foot pain, she told her physicians that the pain began no earlier than November 2011. Id. at 304, 354. Based on the medical evidence's and plaintiff's own statements, the ALJ reasonably concluded that plaintiff did not have a severe impairment as of March 29, 2011 because, even if plaintiff had a progressive condition, there is no evidence suggesting that plaintiff had any disabling symptoms that prevented her from working on the alleged date of onset of disability. The Court finds that the medical evidence is unambiguous as to onset of disability and there was no medical evidence in the

administrative record that would have allowed the ALJ to infer a date of onset of disability as early as March 29, 2011.

Plaintiff also argues that the ALJ failed to inquire at the hearing about when plaintiff's peripheral artery disease began to cause symptoms of such severity that the condition prevented her from working, and this shows that the ALJ failed to develop the record or consider sources of evidence other than the medical evidence when making his decision. Dkt. # 21, at 7. However, plaintiff has failed to show that medical evidence provided any basis for the ALJ to make any inquiry on this issue, because there is no ambiguous evidence suggesting that plaintiff suffered from a severe impairment near the alleged date of onset of disability of March 29, 2011. Plaintiff also fails to note that she was represented by counsel at the hearing, and her attorney could raised this issue before the ALJ. Plaintiff's counsel did not argue that there was any ambiguity in the medical evidence as to onset of disability and he did not ask the ALJ to call a medical expert to further develop the administrative record. The Court does not find that the ALJ's failure to inquire about when plaintiff's peripheral artery disease warrants remand of the case, especially in light of plaintiff's counsel's failure to advise the ALJ of this issue at the hearing.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **accepted**, and the Commissioner's decision denying plaintiff's application for Title II disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 10th day of March, 2016.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE